IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TINAMARIE CARL,

                    Plaintiff,                    OPINION AND ORDER

        v.
                                                  07-cv-0209-bbc
MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 7, 2007, this court remanded this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), on the ground that the commissioner's determination that plaintiff was not disabled was not supported by substantial evidence. Specifically, I found that the administrative law judge did not adequately consider the opinions of plaintiff's treating physicians, failed to assess plaintiff's residual functional capacity with respect to her mental impairments, improperly articulated her credibility determination and failed to incorporate all of plaintiff's mental limitations into her hypothetical question to the vocational expert.   Now before the court is plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.  Plaintiff is seeking fees and costs in the amount of $10,468.50, which represents 44.9 hours spent by her attorneys at the hourly rate of $165 and 30.6 hours spent by law

clerks at the hourly rate of $100.  Defendant disputes the amount of the fees and costs, arguing that the law firm of Daley, De Bofsky & Bryant spent an unreasonable amount of time on this case.  Defendant does not dispute plaintiff's characterization of his position as unjustified.

I will grant the petition for an award of fees and costs.  However, I agree with defendant that the fee should be reduced to reflect the excessive amount of time spent researching and preparing the initial brief.  Accordingly, I am reducing the fee award to $7,599.30 to reflect what I conclude is a reasonable fee.

FACTS

The relevant facts are set forth in the opinion and order of November 7, 2007.  To recap, I agreed with plaintiff on virtually all counts, with the exception of her challenges to the administrative law judge's reliance on the grids at step five.  I found that the administrative law judge did not adequately address the treating physician opinions that plaintiff could work only four hours a day and relied too heavily on the fact that plaintiff was able to use her hands in her part-time job.  The administrative law judge failed to consider the difficulties that plaintiff experienced in performing her job and minimal household tasks, that she never worked more than full time and that she ultimately lost her part-time job because she had too many medical restrictions.  See Social Security Ruling 96-8p (in

2

assessing residual functional capacity, adjudicator must discuss claimant's ability to perform sustained work activities on regular and continuing basis, or eight hours a day, five days a week).

I agreed with plaintiff that although the administrative law judge found that plaintiff had the severe mental impairments of bipolar disorder, depression, anxiety disorder and post traumatic stress disorder, she did not discuss whether plaintiff was functionally limited by these impairments and concluded only generally that plaintiff did not meet or equal a listed impairment.  I also agreed that the administrative law judge's credibility determination was inadequate because she failed to make sufficiently detailed findings to support her conclusion.  I found that she relied on general references to plaintiff's "stable condition" and did not evaluate the other factors that the commissioner has deemed relevant to credibility. 20 C.F.R. §§ 404.1529(c) and 416.929(c); Social Security Ruling 96-7p.

In making her step five determination, the administrative law judge relied on the testimony of the vocational expert that plaintiff could perform the full range of sedentary work.  Plaintiff objected to this finding because the expert did not explain why her nonexertional limitations did not erode the occupational base for sedentary work.  I did not find plaintiff's argument persuasive.  Because plaintiff did not question the vocational expert at the hearing about his foundation or reasoning, the administrative law judge was entitled to accept his conclusion.  Donahue v. Barnhart, 279 F.3d 441, 446 (7th Cir. 2002)

3

(vocational expert free to give bottom line provided that underlying data and reasoning available on demand, even if testimony differed from the Dictionary of Occupational Titles); see also McKinnie v. Barnhart, 368 F.3d 907, 910-11 (7th Cir. 2004) (holding same).

Finally, plaintiff criticized the administrative law judge for not accurately including all of plaintiff's nonexertional limitations in her hypothetical to the vocational expert by only generally asking about an individual who was capable of performing routine, repetitive and simple unskilled work.  Because I instructed the administrative law judge to articulate her mental residual functional capacity assessment on remand, I did not decide whether she had framed her hypothetical properly.  However, I instructed the administrative law judge to ensure that any hypotheticals posed to the vocational expert on remand include all of the nonexertional limitations supported by substantial evidence.  Young v. Barnhart, 362 F.3d 995, 1003 (7th Cir. 2004); Steele, 290 F.3d at 942.


OPINION

In INS v. Jean, 496 U.S. 154 (1990), the Supreme Court held that the district court's task of determining what fee is reasonable under the Equal Access to Justice Act is essentially the same as that described in Hensley v. Eckerhart, 461 U.S. 424 (1983).  Jean, 496 U.S. at 161.  Under Hensley, the starting point for determining a reasonable fee is to multiply the number of hours reasonably expended by a reasonable hourly rate.  Hensley, 461 U.S. at

4

433.   The court should exclude from this initial fee calculation hours that were not "reasonably expended," such as those that are excessive, redundant or otherwise unnecessary, considering factors such as the novelty and difficulty of the questions, the skill required to perform the legal service properly, the customary fee and other factors.  Id. at 434 n.9. Whether the hours would be properly billed to a client guides the inquiry.  Id. at 434.

Defendant does not contest the hourly rates but argues that the time spent on this case by the Daley firm is excessive.  Although defendant has raised some specific objections to plaintiff's fee request, he argues primarily that plaintiff's counsel spent too much time drafting the briefs in what defendant characterizes as a garden-variety social security appeal.

As an initial matter, I note that plaintiff represents that the following time was expended on her case:  12.7 hours by Attorney Frederick J. Daley, Jr., 28.7 hours by Attorney Heather Aloe, 3.5 hours by law clerk Suzanne Blaz and 30.6 hours by law clerk Shannon O'Boye.  Plaintiff is seeking $165 an hour for 44.9 attorney hours and $100 an hour for 30.6 law clerk hours.  Dkt. #17, Exh. #3 at 2.  However, the time spent by Daley and Aloe on the case totals 41.4 hours, not 44.9 hours.  Apparently the 3.5 hours expended by Blaz were incorrectly billed at the attorney hourly rate $165.  Although I note from the staff resumes submitted by plaintiff that Blaz has obtained a law degree, she is employed at the Daley firm as the head law clerk and paralegal and the work that she performed on the

5

case was in that capacity.  Id.; dkt. #17, Exh. #4 at 4.  Accordingly, I will reduce plaintiff's fee request by $227.50 to reflect this inaccuracy.

I have reviewed each time entry individually.  Daley's time can be broken down roughly as follows:  1.2 hours reviewing the file to decide whether to take case; 9.5 hours reviewing the administrative record, discussing legal arguments with Aloe and editing the initial brief; 1 hour reviewing and editing the reply brief; and 1 hour preparing the time log and stipulation letter for the fee petition.  O'Boye spent 30.6 hours drafting the majority of the initial brief, including the background, procedural history, medical evidence, testimony, faulty credibility determination argument and argument relating to the erroneous dismissal of the treating physicians' opinions.  Aloe spent 2.8 hours reviewing the record and discussing legal issues with Daley, 11.7 hours editing O'Boye's drafts, 7.5 hours discussing and drafting arguments in the initial brief on the adjudicator's mental impairment evaluation and step five determination, and 6.7 hours drafting the reply brief.  The 3.5 hours expended by Blaz involved clerical matters, including opening the file, drafting correspondence and filings and tracking the progress of the case.

As a general observation, 75.5 hours is outside the range of what has been found reasonable in other social security cases before this court.  See, e.g., Seamon v. Barnhart, 05-C-0013-C, Op. and Order, Feb. 23, 2006 (combined 50 hours on initial brief and reply brief not unreasonable); Nickola v. Barnhart, 03-C-622-C, Op. and Order, November 26, 2004

6

(roughly 60 hours of combined law clerk and attorney time spent producing plaintiff's briefs not excessive); Cloute v. Barnhart, 03-C-737-C, Order, Sept. 24, 2004 (awarding fees for 48.70 hours); Groskreutz v. Barnhart, 02-C-0454-C, Op. and Order Feb. 28, 2005 (34.5 hours for work in district court not excessive); Kleinhans v. Barnhart, 99-C-328-C, Op. and Order, Apr. 25, 2002 (awarding fees for 70 hours but included post-remand work).  In this case, two attorneys and a paralegal spent 62.1 hours just on the initial brief (including record review, drafting and editing).  As defendant points out, the record was relatively short (329 pages) and the legal arguments were routine for an attorney of Daley's experience in a case involving mental impairments.  The initial brief was 37 pages, a reasonable length for this type of case.  However, Daley and Aloe spent almost as much time editing O'Boye's drafts as O'Boye spent writing them.  Therefore, I agree with defendant that the amount of time spent preparing the initial brief seems excessive and duplicative.  Had the law firm worked more efficiently, the preparation of the initial brief would not have taken nearly as much time.  Accordingly, I will deduct 15 hours of attorney time (or $2,475) from the fee request.  The remaining hours spent by the members of the Daley firm performing clerical tasks (3.5 hours), preparing the ten page reply brief (6.7 hours drafting and 1 hour editing) and preparing the time log for the fee petition (1 hour) appear reasonable.  Defendant also has not raised any specific objections to the amount of time expended on these tasks.

ORDER

IT IS ORDERED that the petition of plaintiff for an award of attorney fees and expenses under the Equal Access to Justice Act is GRANTED IN PART and DENIED IN PART.  Plaintiff is awarded fees in the amount of $7,599.30.  That amount is to be made payable to plaintiff's attorney, Frederick Daley, Jr., contingent upon counsel's production of an assignment of fee agreement executed by plaintiff.

Entered this 25th day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

8